IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQUEL OLIVEROS,<br><br>           Plaintiff,<br><br>     v.<br><br>ALLSTATE FINANCIAL SERVICES, INC.,<br><br>           Defendant. | 1:10-CV-1296  AWI GSA<br><br>ORDER VACATING HEARING AND REOPENING CASE<br><br>(Doc. No. 8) |

On July 21, 2010, Plaintiff filed this complaint against Defendant for violations of 15 U.S.C. § 1692 - the Federal Fair Debt Collection Practices Act.  See Court's Docket Doc. No. 1. The Complaint alleges that the violations occurred around May 2010.  See id.

On October 22, 2010, Plaintiff filed a notice of voluntary dismissal without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  See id. at Doc. No. 5.  The dismissal was effective automatically upon filing without the need for court order.  See Fed. R. Civ. Pro. 41(a)(1)(A)(i); Wilson v. City of San Jose, 111 F.3d 688 F.3d 688, 692 (9th Cir. 1997). Nevertheless, the Court administratively closed the case on December 2, 2010.  See Court's Docket Doc. No. 7.

On December 7, 2010, Plaintiff filed a motion reopen the case.  See id. at Doc. No. 8. Although the motion does no cite any rules or authority, the Court construes the motion as being brought under Rule 60(b).  Hearing on this motion is set for January 18, 2011.  Defendant was never served with process and has made no appearance in this case.  In light of the Defendant's non-appearance and the motion to reopen, the Court does not believe that a hearing is necessary.

"[A] plaintiff who has dismissed his claim by filing notice under Rule 41(a)(1)(A)(i) may move before the district court to vacate the notice on any of the grounds specified in Rule 60(b)." Schmier v. McDonald's LLC, 569 F.3d 1240, 1243 (10th Cir. 2009); see In re Hunter, 66 F.3d 1002, 1004 (9th Cir. 1995); Randall v. Merrill Lynch, 820 F.2d 1317, 1320 (D.C. Cir. 1987). Here, Plaintiff's motion indicates that she dismissed the case because it appeared that Defendant was no longer in business. See Court's Docket Doc. No. 8. However, Plaintiff just learned from her process server that Defendant was purposely avoiding service and had provided inaccurate information to the Nevada Secretary of State. See id. Plaintiff learned of Defendant's current location, and her process server just successfully served Defendant in an unrelated case. See id.

The Court will grant Plaintiff's motion. As just outlined, the motion indicates that Defendant has engaged in misconduct by avoiding service and giving false information, the misconduct caused Plaintiff to dismiss her case, and Plaintiff's process server just in December was able to locate Defendant. Cf. Fed. R. Civ. Pro. 60(b)(3); Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004). Further, the Defendant has not yet been served, and there appears to be no statute of limitations concerns since the Complaint alleges violations of the FDCPA occurring in May 2010. See Mangum v. Action Collection Servs., 575 F.3d 935, 939-40 (9th Cir. 2009) (discussing the one year statute of limitations period for FDCPA suits); Complaint at ¶¶ 7, 11.

Accordingly, IT IS HEREBY ORDERED that:
1. The January 18, 2010, hearing date is VACATED;
2. Plaintiff's motion to reopen the case is GRANTED;
3. The Clerk shall immediately REOPEN this case; and
4. Upon notice of reopening of this case, Plaintiff shall promptly attempt to serve Defendant consistent with the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   December 16, 2010                              _____
                                                        CHIEF UNITED STATES DISTRICT JUDGE